IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SARA BETH MURPHY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:24-cv-00737-RAH-SMD |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Defendant State Farm Fire and Casualty Company previously removed this action based on federal diversity jurisdiction. Plaintiff Sara Beth Murphy has moved to remand. Since diversity is uncontested, the sole issue is whether State Farm has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Since State Farm has not met that burden, the Motion to Remand will be GRANTED.

### BACKGROUND

Murphy sued State Farm in the Circuit Court for Henry County, Alabama for claims of breach of contract and bad faith after she made an insurance claim for roof damage to her home. Murphy's Complaint alleges "damages in excess of Twenty Thousand Dollars . . . exclusive of interest, costs and attorney's fees." (Doc. 1-2 at 8.)

State Farm subsequently removed the action to this Court on the basis of federal diversity jurisdiction. State Farm asserted that all parties are completely diverse and that the amount in controversy—"an indeterminable amount . . . pursuant

to [Murphy's] multiple claims"—exceeds $75,000. (Doc. 1 at 5.) As to the amount in controversy, State Farm asserted that Murphy's insurance policy coverage exceeds $75,000, Murphy's contractor's estimate for her roof repairs totaled $26,093.70, Murphy's "including to but not limited to property damage" language in her demand for relief leads to a possible claim over $75,000, and that punitive damages are available for bad faith claims under Alabama law. (*Id.* at 5–6.) These combined facts and allegations, State Farm argues, show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement of over $75,000.

In response, Murphy filed an affidavit stating that 1) the "amount in controversy does not exceed $75,000, exclusive of interest and costs"; 2) that she "agree[s] not to accept any judgment in excess of $75,000"; and 3) that she would agree to a remittitur of any judgment in excess of that amount. (Doc. 6-1 at 2.)

On December 10, 2024, the Court held a telephonic hearing, during which counsel for both parties were present, to clarify whether the amount in controversy meets the jurisdictional threshold and whether State Farm would consent to remand based on the sworn statements in Murphy's affidavit. During the hearing, Murphy, through her legal counsel, confirmed that the amount in controversy is less than $75,000 and made binding stipulations and representations to the Court consistent with the affirmative statements contained in Murphy's affidavit. Additionally, counsel represented that, if tried to a jury, Murphy and her counsel would not ask for an award of damages in excess of $75,000.

For its part during the hearing, State Farm continued with its opposition to remand. It stated that it believes jurisdiction exists regardless of Murphy and counsel's stipulations. And further, State Farm would rather litigate the case in federal court without damage stipulations (i.e., no damage caps) rather than in state court with damage stipulations in place.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Underwriters at Lloyd's, London v. Osting–Schwinn*, 613 F.3d 1079, 1085 & n.4 (11th Cir. 2010). When "a plaintiff makes an unspecified demand for damages in state court," the burden is on the "removing defendant [to] prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation, internal quotation marks, and ellipses omitted); *see Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1294 (11th Cir. 2008); *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." (cleaned up)).

The preponderance of the evidence standard does not require a removing defendant "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Reliance on "speculation," however, is "impermissible." *Id.* at 771; *see also Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 221–22 (11th Cir. 1997) (explaining that to satisfy the amount in controversy requirement, damage amounts cannot be "too speculative and immeasurable"). And courts should still use common sense to determine "whether the face of the complaint . . . establishes the jurisdictional amount." *Roe*, 613 F.3d at 1062 (alteration in original) (internal quotations omitted). Because removal infringes on state sovereignty and implicates central concepts of federalism, removal statutes are construed narrowly, with all doubts resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor*

*Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters*, 613 F.3d at 1092 (cleaned up).

## DISCUSSION

In determining subject matter jurisdiction, courts must focus on the facts as they existed when the case was removed and not on later developments. *See Adventure Outdoors, Inc.*, 552 F.3d at 1294–95 ("The existence of federal jurisdiction is tested at the time of removal."); *Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (per curiam) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.").

To assist in this determination, courts may not consider post-removal changes to the amount in controversy; but they may, however, consider post-removal *clarifications* of what that amount was at the time of removal. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (emphasizing that post-removal affidavits are allowable only if relevant to that specific point in time of removal). Thus, when a plaintiff seeks, after removal, to clarify, rather than alter, facts bearing on the amount in controversy, courts in this circuit accept such evidence to help determine whether diversity jurisdiction existed at the time of removal. *See Pretka*, 608 F.3d at 751; *Sierminski*, 216 F.3d at 949. Further, while a court must consider punitive damages in an amount in controversy inquiry when they are available based on claims alleged in a complaint, *Bell v. Preferred Life Assur. Soc'y. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943), the removing defendant must still establish a dollar amount from which the court can calculate punitive damages—failure to establish that baseline amounts to speculation, which does not establish jurisdiction. *See Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014) (per curiam) (holding that removing party had to

4

establish a baseline amount from which the court could calculate punitive damages); *Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010) (per curiam) ("[The removing party] failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaints, including punitive damages and attorneys' fees, alone or combined, met the jurisdictional amount [where the compensatory damages sought equated to $20,000].").

Here, while State Farm urges the Court to ignore Murphy's post-removal affidavit and statements because they constitute improper post-removal developments, the Court concludes that the affidavit and statements of counsel simply serve as clarifications of the amount in controversy at the time of removal. *See Sierminski*, 216 F.3d at 949.

First, that Murphy's insurance policy coverage limits exceed the jurisdictional threshold is not persuasive nor is it representative of the actual amount in controversy in this case. To this end, nothing in the Complaint or pre-suit settlement demand[1] suggests that Murphy has demanded the limits of her insurance policy.

Second, State Farm's submission shows that Murphy primarily made a claim for roof damage and provided a contractor's estimate of $26,093.70, an amount far less than the $75,000 threshold. That Murphy used language in her Complaint– "including but not limited to" – does not make the lawsuit something more than just a case over roof damage. At best, that language suggests an uncertainty, but that uncertainty must be "resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Third, the Complaint does seek unspecified sums for damage to building contents, loss of use, and interest allowed by law, which would be damages in addition to the $26,093.70 repair figure. And while it does not specifically seek

---

[1] The record reveals that pre-suit, Murphy's legal counsel made a settlement demand of approximately $36,093.70 to cover $26,093.70 in estimated repair costs and $10,000.00 in attorney's fees.

punitive damages, punitive damages are available for claims of bad faith under Alabama law. *See Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 19 (Ala. 2001). Such damages would be a measure of damages separate and apart from her compensatory damages. But Murphy provides no specific monetary amount, nor any measure of computing it.

As such, the only firm figure is the $26,093.70 repair estimate, with general, unspecified requests for damages to contents, loss of use, interest allowed by law, and the possibility of punitive damages. Murphy's affidavit and the statements and representations of her counsel clarify that the total amount of these damages – including the repair estimate and any other damages – is less than $75,000. Indeed, Murphy's pre-suit settlement demand of $36,093.70 confirms this clarification. State Farm's attempt to use the alleged bad faith claim and availability of punitive damages does not tip the scales in favor of jurisdiction in light of such facts, and where doubt remains, remand is due. *See Univ. of S. Ala.*, 168 F.3d at 411.

State Farm submits two cases from a sister court where the district court found that the jurisdictional threshold was met because the plaintiffs in those cases "specifically request[ed] punitive damages . . . [,] in Alabama, punitive damages are available for bad faith claims[,] and . . . punitive damages against a large corporation like State Farm would alone exceed $75,000." *Allred v. State Farm Fire & Cas. Co.*, 5:22-cv-00289-LCB (N.D. Ala. June 21, 2022), ECF No. 22 at 12 (citations omitted); *Bonds v. State Farm Fire & Cas. Co.*, 5:22-cv-00618-LCB (N.D. Ala. June 21, 2022), ECF No. 13 at 12 (same). Those decisions provide little insight here.

In short, State Farm has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. To this end, the Court places significant weight on the clarification that Murphy has made in her affidavit testimony and the statements and representations of her legal counsel, which are presumed true. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir.

6

2003). These are binding no matter what happens in the future. Murphy and her counsel are cautioned that should she or her legal counsel not follow or honor Murphy's sworn testimony or counsel's representations, this Court will not hesitate to impose swift sanctions. *See id.* at 808 & n.6 (observing that plaintiff's counsel are officers of the court and subject to Rule 11 sanctions for making representations for improper purposes and that motions for sanctions may be initiated and decided even after the underlying case has been resolved and is no longer pending); *Burns*, 31 F.3d at 1095 (presuming that plaintiff's counsel recognizes that representations regarding amount in controversy "have important legal consequences and, therefore, raise significant ethical implications for a court officer").

## CONCLUSION

Considering the Complaint, Murphy's stipulations, the representations made during the hearing on this matter, and the record as a whole, the Court concludes that State Farm has not met its burden of showing that the amount in controversy is sufficient to invoke the jurisdiction of this Court. Remand is therefore proper for lack of subject matter jurisdiction. Murphy's stipulations and representations, however, remain binding. The Court provides notice that any violation of these stipulations and representations by Murphy and/or legal counsel will result in swift and forthcoming sanctions.

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's *Motion to Remand* (doc. 6) is **GRANTED**;

(2) This matter is hereby **REMANDED** to the Circuit Court of Henry County, Alabama;

(3) Plaintiff's *Motion to Stay* (doc. 7) is **DENIED** as moot;

(4) The Clerk of the Court is **DIRECTED** to take the necessary steps to remand this case back to the Circuit Court of Henry County, Alabama.

**DONE** and **ORDERED** on this the 2nd day of January 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE